UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK ADAIR, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   No. 19-1110 |
| | ) |
| KENT ROBINSON, et. al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

COLIN S. BRUCE, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, alleges Defendants Lieutenant Kent Robinson, Sergeant Kyle Miller, Correctional Officer McCann, and Correctional Officer Norman Cullmann violated his constitutional rights at Pontiac Correctional Center. Plaintiff claims the Defendants repeatedly refused to provide him needed medical and mental health care.

Plaintiff says on December 30, 2018, he was on suicide watch when he began to cut himself with "a piece of razor blade." (Comp., p. 10). Plaintiff began to cut himself on his "inner elbow," hitting a vein, and losing "a massive amount of blood." (Comp.,

1

p. 10). Plaintiff tried to yell for officers, but he was losing consciousness. Other inmates then began to bang on their cell doors to get help.

The next thing Plaintiff remembers is seeing Officers Welsh, Cullmann, and McCann passing out food trays. Officer Welsh saw Plaintiff and called for the Sergeant. As he waited, Plaintiff noticed he had defecated, urinated, and vomited on himself. After an extended period of time, Defendant Miller arrived and stated: "I don't have time for this leave him where he is." (Comp., p. 10). Plaintiff claims officers put food in his cell "hatch" and walked away. (Comp., p. 10).

Plaintiff claims an inmate in a neighboring cell covered his cell with a blanket in order to attract attention and get help for the Plaintiff. When the tactical team arrived, Plaintiff says officers recorded everything and they were able to see Plaintiff covered in blood.

Defendants Robinson, Miller, McCann, and Cullmann then returned to Plaintiff's cell. Lieutenant Robinson asked Plaintiff if he was done playing games and what he used to cut himself. Plaintiff said he used a razor blade which was now inserted in his arm. Officer McCann told Plaintiff if he would give the officers the razor blade, they would then get medical attention for Plaintiff. However, Plaintiff said he could not dig the razor out of his arm, and the officers again walked away from his cell.

Plaintiff says he continued to self-harm, and he used a second razor blade to cut himself. Plaintiff does not clarify if this occurred on December 30, 2018, or at some later point. The only time frame specifically alleged in his complaint is December 30, 2018.

2

Nonetheless, Plaintiff says he was left in his cell for days unable to clean the blood, vomit, feces, and urine.

Plaintiff says Defendants violated his constitutional rights when they were deliberately indifferent to the risk Plaintiff would kill himself, and they failed to allow Plaintiff to clean himself up. Plaintiff also alleges Defendants violated his rights pursuant to the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12131-12134.

Plaintiff has adequately alleged the four Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious mental health and medical condition on December 30, 2018. Plaintiff's complaint alleges: (1) he suffered from an objectively serious medical condition; and (2) the defendants were deliberately indifferent to a risk of serious harm from that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). While Plaintiff has not identified a specific mental health diagnosis, the Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir.2001). *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir.2001); *Wellman v. Faulkner,* 715 F.2d 269 (7th Cir.1983). In addition, acts of self-harm pose a "serious" risk to an inmate's health and safety. *See Collins v. Seeman*, 462 F.3d 757, 760 *quoting Sanville v. McCaughtry,* 266 F.3d 724, 733 (7th Cir. 2001); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies.").

Plaintiff has also alleged an Eighth Amendment violation based on his living conditions. Plaintiff says he was left covered in blood, vomit, feces, and urine for

3

several days. During discovery, Plaintiff will need to clarify the specific amount of time he was left in his cell.

While Plaintiff claims the Defendants also violated his rights pursuant to the ADA, he has not clearly articulated a claim. To establish a violation of Title II of the ADA, "the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)(internal citations omitted).

Plaintiff has failed to identify his specific mental illness or disability. In addition, Plaintiff cannot sue the individual correctional officers pursuant to the ADA. *See Jaros v. Illinois Dept. of Corrections,* 684 F.3d 667, 670 (7th Cir. 2012). More important, the essence of Plaintiff's claims is not an allegation that Defendants intentionally discriminated against him because of a disability. Plaintiff is instead alleging he was not provided treatment for his conditions, and "[s]uch a claim is not actionable under the ADA or Rehabilitation Act." *Hahn v. Walsh*, 915 F.Supp.2d 925, 956 (C.D.Ill. March 14, 2013); *see also Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) ("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."). Therefore, the Court will dismiss any intended ADA claim.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is

ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, his motion is denied with leave to renew.[5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Lieutenant Kent Robinson, Sergeant Kyle Miller, Correctional Officer McCann, and Correctional Officer Norman Cullmann: a) violated Plaintiff's Eighth Amendment rights on December 30, 2018 when they were deliberately indifferent to Plaintiff's serious medical and mental condition; and b) violated Plaintiff's Eighth Amendment rights when he was left in his cell with blood, vomit, feces, and urine for several days beginning on December 30, 2018. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5];**

**2) Deny Plaintiff's motion for a status update as moot, [9]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 18th day of July, 2019.

s/ Colin S. Bruce
_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE